**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>REI FAST CONSTRUCTION INC.,<br><br>Defendant. | Civil Action No. 25-1773 (JXN)(MAH)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Plaintiff Atlantic Casualty Insurance Company's motion for default judgment against Defendant REI Fast Construction, Inc., pursuant to Federal Rule of Civil Procedure[1] 55(b). (ECF No. 13.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I.    BACKGROUND[2]

Plaintiff Atlantic Casualty Insurance Company ("ACIC" or "Plaintiff") is a North Carolina corporation with its principal place of business in North Carolina. (Compl. ¶ 3, ECF No. 1.) REI Fast Construction, Inc. ("REI" or "Defendant"), is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania. (*Id*. ¶ 4; *id*., Ex. A, State Court Action Am. Compl. ("State Compl.") ¶ 22, ECF No. 1-2.) ACIC filed this suit

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] In evaluating a motion for default judgment, the Court "should accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages." *Newman v. Axiom Worldwide*, No. 06-5564, 2010 WL 2265227, at *2 (D.N.J. June 2, 2010) (citing *Comdyne I, Inc. v. Corbine*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

seeking a declaratory judgment that it owes no duty to defend or indemnify REI under an insurance policy. (Compl. ¶ 27.) ACIC's demand for declaratory judgment stems from a separate lawsuit in which REI is a defendant in the New Jersey Superior Court, Law Division, Essex County, captioned *Kristen Behrens, as Administratrix of the Estate of Rudy Leonel Molina Hernandez v. Deugen Development Limited LLC, et al.*, No. ESX-L-001396-23 (the "State Court Action"), seeking damages for injuries and death allegedly caused to Rudy Leonel Molina Hernandez ("Molina" or "Decedent") while he was working on a construction project of a multi-family residential apartment complex in Bound Brook, New Jersey (the "Project"). (*Id.* ¶¶ 1, 9-10, 16; *see also* State Compl ¶¶ 10, 22, 36.)

## The State Court Action

The State Court Action was originally filed on March 2, 2023, and later amended on November 20, 2023, by Kristen Behrens, the Estate Administratrix, asserting negligence, wrongful death, and survival act causes of action against several defendants, including REI, for their alleged liability for the Decedent's injuries and death. (*See generally* State Compl.) Specifically, on November 10, 2021, Molina, then an employee of BCG Contractors, was lawfully performing framing work on the second or third floor of the Project when a crane struck a concrete wall, causing the wall to collapse onto him and inflict injuries that resulted in his death (the "Incident"). (*Id.* ¶¶ 35, 38-41; *see also* Compl. ¶ 11.) Elio's Crane Company, LLC (the "Crane Company") was the subcontractor on the Project responsible for operating the cranes, including the crane that was operating at the time of the Incident. (State Compl. ¶ 14, 64.)

## ACIC Insurance Policy

2

ACIC issued a Commercial General Liability Coverage Form to REI, Policy No. L035014951-1, effective from March 2, 2021, to March 2, 2022 (the "Policy"). (Compl. ¶ 2; *id.*, Ex. A, Policy, ECF No. 1-2.) Molina's death occurred within the policy period. (*Id.* ¶ 10-11.)

Prior to the filing of the State Court Action, ACIC received notice of the Incident and issued three (3) coverage disclaimer letters to REI based on the facts and evidence presented during the claim process. (*Id.* ¶ 17; *id.*, Exs. C-D, ECF No. 1-2.) ACIC provided a courtesy defense to REI in a related companion action filed in the Superior Court of New Jersey, Somerset County, Law Division (*Selective Fire and Casualty Insurance Company as subrogee of 17-19 Urban Renewal, Inc. v. Reifast Construction, et al.*, No. SOM-L-000745-22 (the "Selective Lawsuit")), which arose from a property damage claim stemming from the Incident. (*Id.* ¶ 21.) On August 5, 2022, ACIC issued a reservation of rights as it related to the Selective Lawsuit. (*Id.* ¶ 23.) ACIC's investigation found that REI subcontracted the Project's framing work to BCG Contractors and the crane operation to the Crane Company. (*Id.* ¶ 24.) ACIC claims its initial understanding was that the Selective Lawsuit and the State Court Action were consolidated and filed as one lawsuit. (*Id.* ¶ 25.) Because REI was not listed as a defendant in the original complaint in the State Court Action and ACIC was offering a courtesy defense to REI in the Selective Lawsuit, when the amended complaint, "ACIC inadvertently continued to provide a courtesy defense in both actions." (*Id.* ¶ 26.) On January 27, 2025, ACIC issued a disclaimer of coverage for the State Court Action and gave notice of its intent to file a declaratory judgment action to determine its rights and obligations. (*Id.* ¶ 19; *id.*, Ex. F, Disclaimer, ECF No. 1-2.)

On March 10, 2025, ACIC filed this declaratory judgment action alleging it has no duty to defend or indemnify REI under the Policy's terms, conditions, and exclusions, including, but not limited to: Exclusion – Independent Contractors or Subcontractors, and Exclusion of Injury to

Employees, Contractors, and Employees of Contractors. (*Id*. ¶ 27-34.) Specifically, ACIC contends that because Molina's employer, BCG Contractors, and the Crane Company were subcontractors for REI, the Policy's Independent Contractors and Subcontractors Exclusion and/or the Injuries to Employees, Contractors, and Employees of Contractors Exclusion would bar coverage. (*Id*. ¶ 35.)

ACIC served the Complaint and Summons upon REI by personal service on May 14, 2025, to REI's "Managing Agent" in Lumberton, New Jersey. (*See* Aff. of Service, ECF No. 6.) REI's answer was due June 4, 2025. (*Id*.) Because REI failed to answer or otherwise respond to the Complaint, on September 2, 2025, ACIC requested entry of default against REI under Rule 55(a) (*See* Req. for Default, ECF No. 8), and the Clerk entered it that same day.

Plaintiff filed the instant motion for default judgment on September 22, 2025 (ECF No. 13) and served REI with a copy on September 25, 2025 (ECF No. 14). To date, REI has neither filed a responsive pleading nor requested an extension of time to respond, nor has it otherwise appeared in this action. This matter is now ripe for the Court's consideration.

## II.   <u>LEGAL STANDARD</u>

Pursuant to Rule 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action." *Dempsey v. Pistol Pete's Beef N Beer, LLC*, No. 08-5454, 2009 WL 3584597, at *2 (D.N.J. Oct. 26, 2009) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). While "the entry of a default judgment is left primarily to the discretion of the district court," the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). As such, "prior to entering a judgment of default, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and

4

evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015) (footnote omitted). "In considering a motion for a default judgment under Rule 55(b)(2), a district court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017). "[T]he plaintiff must prove that he is entitled to the damages sought." *Id*.

**DISCUSSION**

**A.  Jurisdiction and Service of Process**

The Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). ACIC is a citizen of North Carolina (Compl. ¶ 3), and REI is a citizen of the Commonwealth of Pennsylvania (*id*. ¶ 4). Thus, there is complete diversity of citizenship between the parties in this case. Further, while this is a declaratory judgment action that "do[es] not directly involve the award of monetary damages," the amount in controversy requirement under §1332(a)(1) is also satisfied. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc*., 835 F.3d 388, 397 (3d Cir. 2016). When measuring the amount in controversy in a declaratory judgment case, courts look to "the value of the object of the litigation." *Id*. (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). In an insurance declaration action like this, courts examine the value of the insurance policy and the damages claimed in the underlying case to determine whether the jurisdictional amount in controversy has been satisfied. *See Zurich Am. Ins. Co. v. Gutowski*, 644 F. Supp. 3d 123, 134 (E.D. Pa. 2022) (quoting *Homesite Ins. Co. v. Neary*, No. 17-2297, 2017 WL 5172294, at *2 (E.D. Pa. Nov. 8, 2017); citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995); and *Manze v. State Farm Ins. Co.*, 817 F.2d 1062,

1068 (3d Cir. 1987)). Here, the Policy has a $1,000,000 per-occurrence liability limit (*see* Policy), and the State Court Action demands judgment against all defendants, including REI, "jointly and severally," for monetary damages, including but not limited to compensatory damages, damages under wrongful death and survival act statutes, delay damages, interest, damages the Decedent incurred between the Incident and his death, lost future earnings and earning capacity for Molina and his Estate from his death onward. (State Compl. at 34-35.) *See Great Lakes Ins. SE v. Ross*, 652 F. Supp. 3d 472, 477-78 (D.N.J. 2023).

Next, prior to entering default judgment, the Court is first required to determine whether process was properly served on the defendant. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011); *see also Wilton Reassurance Life Co. of New York v. Engelhardt*, No. 21-9968, 2023 WL 4864296, at *2 (D.N.J. July 31, 2023) (Because courts lack personal jurisdiction where service of process is improper, determining proper service is a threshold issue.") (citations and internal quotation marks omitted).

REI is a corporation. (Compl. ¶ 4.)  A corporation may be served in the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R.Civ.P. 4(h)(1)(B). The Affidavit of Service filed indicates that ACIC served the Complaint and Summons upon REI's Managing Agent by personal service on May 14, 2025. (*See* Aff. of Service). Accordingly, service was proper under the Rules.

### B.  Demand for Declaratory Judgment

The Court must next determine "whether the unchallenged facts present a sufficient cause of action." *Great Lakes*, 652 F. Supp. 3d at 477. Because ACIC seeks only declaratory judgment,

6

the Court must determine whether ACIC is entitled to declaratory judgment under the Declaratory Judgment Act.

The Declaratory Judgment Act (the "DJA") provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Thus, "[t]he existence of a 'case or controversy' is a condition precedent to the proper exercise of judicial power by a federal court and the [DJA] can not relax that constitutional requirement." *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1153 (3d Cir. 1995). Where an actual controversy exists, the DJA "place[s] a remedial arrow in the district court's quiver and confers a unique and substantial discretion on federal courts to determine whether to declare litigants' rights." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)) (internal quotation marks omitted); *see also Lilac Dev. Grp., LLC v. Hess Corp.*, No. 15-7547, 2016 WL 3267325, at *2 (D.N.J. June 7, 2016).

Here, an actual controversy is presented in the State Court Action. According to the amended complaint in that case, Molina was lawfully performing work on the Project when a crane operated by the Crane Company struck a concrete wall, which collapsed onto him, causing fatal injuries. (*See* State Compl. ¶¶ 35, 38-41.) The Crane Company and Molina's then-employer, BCG Contractors, were alleged to be subcontractors for REI at the time of the Incident. (*Id*. ¶ 64; Compl. ¶ 35.) The issue in this case is whether ACIC has any obligation under the Policy to defend or indemnify REI against the claims in the State Court Action. *See Great Lakes*, 652 F. Supp. 3d at

7

479 (citing *Canal Ins. Co. v. Fema Trucking, LLC*, No. 20-17953, 2022 WL 3227188, at *1 (D.N.J. Aug. 10, 2022) (finding actual controversy in underlying lawsuit between insured and injured party)).

Having determined that an actual controversy exists, the Court next turns to the terms of the Policy. When interpreting an insurance policy under New Jersey law, courts must "first examine the plain language of the policy and, if the terms are clear, they are to be given their plain, ordinary meaning." *Pizzullo v. New Jersey Mfrs. Ins. Co.*, 196 N.J. 251 (2008). Where an insurance policy contains exclusions to coverage, those exclusions are considered "presumptively valid and will be given effect if specific, plain, clear, prominent, and not contrary to public policy." *Colliers Lanard & Axilbund v. Lloyds of London*, 458 F.3d 231, 236 (3d Cir. 2006) (internal quotation marks omitted) (applying New Jersey law). However, ambiguous exclusions are to be "strictly construed against the insurer." *Flomerfelt v. Cardiello*, 202 N.J. 432 (2010).

Here, the Policy's Independent Contractor and Injury to Employees, Contractors, and Employee of Contractor Exclusions contain unambiguous exclusions for coverage. Specifically, the Policy expressly provides that it "does not apply to claims, loss, costs or expense arising out of or related to the action(s) or inaction(s) of independent contractors or subcontractors by or on behalf of any insured or for the negligent hiring, training, supervision, direction, inspection, investigation, management or retention of independent contractors or subcontractors on behalf of the insured." (Policy at *22.) Further, the Policy does not provide coverage for "'bodily injury' to any 'employee' of any insured arising out of or in the course of employment or performing duties related to the conduct of any insured's business." (*Id.* at *26.) The Policy additionally states that it does not provide coverage for "bodily injury" to any "contractor" for which any insured may become liable in any capacity. (*Id.*) The Decedent's injuries and death—both of which plainly

8

constitute "bodily injury" under the Policy—fall squarely within either exclusion because they occurred while he was working on the Project in his capacity as an employee of BRC Construction, REI's subcontractor. Therefore, the Court finds that ACIC has sufficiently demonstrated that it is entitled to the declaratory judgment it seeks against REI. *See, e.g., Canal Ins. Co.*, 2022 WL 3227188, at \*5–6 (granting declaratory relief on a motion for default judgment).

### C. Default Judgment Factors

Lastly, the Court must address whether, under the circumstances, an entry of default judgment would be appropriate. *See Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at \*2 (D.N.J. July 24, 2012). The Court considers the following factors to determine whether to grant a default judgment under Rule 55(b): "(1) prejudice to the plaintiff if default is denied[;] (2) whether the defendant appears to have a litigable defense[;] and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted); *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003). The Court examines each factor in turn.

#### i. Denying the Motion Would Prejudice Plaintiff

Regarding the first factor, "[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because plaintiff will be left with no other means to vindicate [their] claims." *United States v. Vo*, No. 15-6327, 2016 WL 475313, at \*3 (D.N.J. Feb. 8, 2016) (citation omitted); *see also Slaughter v. Moya*, No. 17-6767, 2018 WL 3742622, at \*3 (D.N.J. Aug. 7, 2018) ("[B]ecause [d]efendant has failed to appear, [p]laintiffs suffer prejudice if they do not receive a default judgment because they have no other means of vindicating their claim."). Here, REI's failure to answer the Complaint has already prevented ACIC from seeking relief "in the normal fashion," and the Court's entry of default judgment is the

only means by which ACIC can clarify its defense and indemnity obligations in the State Court Action. *Teamsters Pension Fund of Phil.*, 2011 WL 4729023, at *4. Thus, this first factor weighs in favor of default judgment.

### i.   Does A Meritorious Defense Exist

Second, the Court examines whether REI has a litigable defense. Because REI has not responded to the Complaint, it has presumably declined to offer any "evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015). Moreover, the Court has reviewed the record, including the Policy and its exclusions, and is unable to discern any meritorious defense to ACIC's demand for declaratory judgment. REI's failure to respond to ACIC's Complaint permits the Court to infer that REI does not have a litigable defense. The Court thus presumes that REI does not have a meritorious defense that would prevent ACIC from obtaining its requested relief. Accordingly, the second factor weighs in favor of default judgment.

### ii.   Culpable Conduct

Third, the Court determines whether REI's delay is due to culpable conduct. In the context of a default judgment, "culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Here, REI's failure to respond, "permits the Court to draw an inference of culpability on their part." *JUUL Labs, Inc. v. Zoey Trading LLC*, No. 21-19299, 2022 WL 970412, at *6 (D.N.J. Mar. 31, 2022). Consequently, the third factor also weighs in favor of a default judgment.

In sum, the Court has subject matter jurisdiction over this action and personal jurisdiction over REI, and it appears that ACIC properly served REI with the Summons and Complaint. In

addition, ACIC has asserted a legitimate cause of action for a declaratory judgment. Moreover, the Court's analysis of the default judgment factors strongly favors granting the instant motion and entering a default judgment. Accordingly, the Court will grant ACIC's motion for a default judgment and enter a declaration that ACIC has no duty to defend or indemnify REI in the State Court Action.

III.    **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for default judgment is **GRANTED**. Appropriate Order accompanies this Opinion.

**DATED:**      **5/18/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**